**STATE of Rhode Island**

v.

**Patrick GILROY.**

No. 96–426–C.A.

Supreme Court of Rhode Island.

Jan. 31, 1997.

Jane McSoley, Aaron Weisman, Providence.

Janice Weisfeld, Paula Rosin, Providence.

### ORDER

This case came before the Supreme Court for oral argument on January 22, 1997, pur-

suant to an order that directed the defendant to show cause why the issues raised in his appeal should not be summarily decided. The defendant, Patrick Gilroy, appeals from a determination by a Superior Court judge that the defendant had violated the terms of his probation after he was presented as a violator of two previously imposed sentences. The Court vacated the suspension on both sentences and ordered the defendant to serve a five-year term and a 57–month term to run concurrently.

After reviewing the memoranda submitted by the parties and after hearing the arguments of counsel, this Court concludes that cause has not been shown and the appeal will be decided at this time.

The state charged defendant with assault with a dangerous weapon, to wit, his shoes, following defendant's involvement in a street-fight that occurred in the early morning hours of February 21, 1996. On May 14, 1996, following a three-day trial, the trial justice entered an adjudication of violation against defendant, who timely appealed.

The victim, Daniel DeCelles (DeCelles), testified that on February 21, 1996, he and four others were leaving the Keg Room, a bar in downtown Providence, Rhode Island. One of the men in the group shouted at another group of four or five men. Subsequently, a fight ensued. DeCelles testified that he remembered waking up lying on the ground bleeding. A friend of DeCelles, Santo Iaconetti (Iaconetti), was with DeCelles that evening and testified that while DeCelles was lying unconscious on the ground, defendant kicked DeCelles in the head and walked away only after Iaconetti threw himself on top of DeCelles's body. Iaconetti further testified that he heard a bouncer say "Pat, you better get out of here, it doesn't look good." Two days after the incident, Iaconetti identified defendant from a series of photographs. The defendant and two others in his group denied seeing anyone lying on the ground or defendant kicking anyone. It was undisputed that DeCelles incurred serious facial injuries as a result of the incident.

On appeal defendant contended that Iaconetti's identification was erroneous and that the other members of DeCelles's group who did not testify would not have identified defendant as the person who injured DeCelles.

The state need only establish a violation of probation by reasonably satisfactory evidence. *State v. Olsen,* 610 A.2d 1099, 1103 (R.I.1992). Moreover, in reviewing a finding of violation of probation, this Court's review is "limited to a consideration of whether the trial justice acted arbitrarily or capriciously in finding a violation." *Olsen,* 610 A.2d 1099, 1103 (citing *State v. Bourdeau,* 448 A.2d 1247, 1249 (R.I.1982)). The trial justice specifically found the testimony of Iaconetti and DeCelles to be credible but rejected the testimony of other witnesses. The trial justice also found that Iaconetti had a good opportunity to see defendant and that the set of photographs from which Iaconetti identified defendant was not suggestive. Under these circumstances, the trial justice did not act arbitrarily or capriciously in determining that defendant had violated his probation.

Consequently, we deny and dismiss the appeal and affirm the judgment of the Superior Court, to which the papers in the case may be returned.