STATE

v.

**Andrew ZNOSKO.**

No. 99–118–C.A.

Supreme Court of Rhode Island.

Aug. 2, 2000.

Virginia McGinn, Aaron L. Weisman, Providence, for plaintiff.

Richard Corley, Providence, for defendant.

Present: WEISBERGER, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

**O P I N I O N**

PER CURIAM.

This case came before the Court in Washington County on May 3, 2000, on the appeal of the defendant, Andrew Znosko (defendant), from a Superior Court adjudi-

cation finding that he had violated the terms and conditions of a previously imposed eight-and-a-half-year suspended sentence and probationary period. Following a violation hearing, the defendant was ordered to serve the balance of the previously imposed sentence. On appeal, the defendant argued that the trial justice failed to consider all the circumstances in making his decision, and that he erroneously shifted the burden of proof relative to the defense of self-defense to defendant. The defendant was directed to appear and show cause why the issues raised in this appeal should not be summarily decided. After reviewing the memoranda submitted by the parties and after considering their arguments, we are satisfied that no cause has been shown, and therefore we shall decide the appeal at this time.

## Facts and Procedural History

On May 3, 1990, judgments of conviction were entered in Superior Court following defendant's plea of nolo contendere for operating a vehicle in reckless disregard for the safety of others, with death resulting, driving under the influence, with death resulting, and driving so as to endanger, with personal injury resulting. A sentence of ten years in prison was imposed on the death resulting counts, with eighteen months to serve at the Adult Correctional Institutions, eight years and six months suspended, with eight years and six months probation. On the personal injury count, defendant was sentenced to five years, with eighteen months to serve and three years and six months suspended, with probation. The defendant subsequently was released from incarceration, at which time his probationary period began to run.

The defendant was arrested on July 11, 1998, for the murder of Antonio Santiago (Santiago), arising from an altercation that occurred the previous day. On July 13, 1998, the state filed a probation-violation report pursuant to Rule 32(f) of the Superior Court Rules of Criminal Procedure, indicating that defendant had violated the terms and conditions of his probation. A subsequent hearing was held on October 13, 1998. Burton Plamondon testified that on July 10, 1998, he lived at 109 Park Drive, East Providence, and that he and his wife had some people over for a cookout, including Santiago. Testimony from witnesses at the party revealed that in the early evening or late-afternoon hours of July 10, 1998, an altercation occurred between Santiago and defendant. It was unclear why a fight ensued, but at some point during the altercation, defendant stabbed Santiago with a pocket knife. The East Providence police, as well as a rescue unit, were called to the scene. When the police arrived, they saw Santiago lying down with blood surrounding him. Santiago was taken to Rhode Island Hospital for treatment. Despite efforts to save him, Santiago died at the hospital.

The defendant was not present at the scene when police arrived, but police were able to find him after searching the area. The defendant was taken to the East Providence police station, where he admitted stabbing Santiago, an admission he reiterated at the hearing. However, defendant contended at both the station and at the hearing that Santiago had attacked him and that he stabbed Santiago only in self-defense. The hearing justice, after hearing the testimony of the witnesses and the statement provided by defendant, concluded that defendant stabbed Santiago and that his claim of self-defense was without merit, finding that the force employed by defendant was disproportionate to the force of the attack. Consequently, the hearing justice found that defendant had violated the terms of his probation, and reinstated the full eight-and-one-half-year sentence. The defendant filed this timely appeal. Additional facts will be supplied as they are necessary to address the issues raised in this appeal.

On appeal, defendant argued that the trial justice erred in finding that defendant was not justified in using his knife to repel

the attack, and that his claim of self-defense was without merit. Specifically, defendant asserted that the trial justice failed to consider the totality of the circumstances in making his determination. The defendant noted the disproportionate physical size between him and the decedent, arguing that Santiago was considerably larger. Also, defendant asserted that the hearing justice failed to consider that at the time of the incident he suffered from a brain tumor, that he had no adequate means of retreat, and that the hearing justice failed to consider the severity of the beating he suffered.

We are of the opinion that the hearing justice did not act in an arbitrary and capricious manner when he revoked defendant's probation. After careful consideration of all the evidence, the trial justice was not persuaded by defendant's claim of self-defense, noting that in his statement to the police, defendant admitted to using marijuana at the party and to possessing the murder weapon, the knife.

## Standard of Review

■ "[T]his Court's review of a [trial] justice's decision in a probation-violation proceeding is limited to considering whether the [trial] justice acted arbitrarily or capriciously in finding a violation." *State v. Rioux,* 708 A.2d 895, 897 (R.I.1998) (citing *State v. Sparks,* 667 A.2d 1250, 1251–52 (R.I.1995)). Here, we shall consider whether there was reasonably satisfactory evidence to support a finding that defendant violated his probation by his actions on July 10, 1998.

## Burden of Proof

■ It is well settled that a probation revocation hearing is not part of the criminal prosecution process and therefore does not lend itself to "the full panoply of rights due a defendant in such a criminal proceeding." *State v. Kennedy,* 702 A.2d 28, 31 (R.I.1997) (quoting *State v. Bourdeau,* 448 A.2d 1247, 1248 (R.I.1982)). Moreover, the state need not prove a violation of probation by proof beyond a reasonable doubt, but rather, the standard to establish a probation violation need only be by reasonably satisfactory evidence. *Kennedy,* 702 A.2d at 31 (citing *State v. Gilroy,* 688 A.2d 858, 859 (R.I.1997)). "The sole purpose of a probation revocation hearing is to determine whether a condition of the probation has been breached." *Id.* (citing *State v. Johnson,* 651 A.2d 1225, 1225 (R.I. 1994)).

## Discussion

On appeal, defendant argued that in determining whether a defendant has violated the terms and conditions of his probation, the hearing justice should be limited to the charge contained in the criminal complaint that gave rise to the filing of the Rule 32(f) notice. We disagree. Rule 32(f) provides that:

"The court shall not revoke probation or revoke a suspension of sentence or impose a sentence previously deferred except after a hearing *at which the defendant shall be afforded the opportunity to be present and apprised of the grounds on which such action is proposed.* The defendant may be admitted to bail pending such hearing. Prior to the hearing *the State shall furnish the defendant and the court with a written statement specifying the grounds upon which action is sought* under this subdivision." (Emphases added.)

Recently, in *State v. Godette,* 751 A.2d 742 (R.I.2000), we held that a hearing justice misconceived her role at a violation hearing when she determined the validity of the specific charge that formed the basis of the violation and concluded that the state had failed to sustain its burden, without regard to other evidence of defendant's misconduct. Rather, we held that the appropriate role of the hearing justice was to determine "only whether in [the hearing justice's] discretion [the defendant's] conduct on the day in question had been lacking in the required good behavior expected and required by his probationary status."

*Id.* at 745 (citing *Bourdeau*, 448 A.2d at 1249). We noted that, pursuant to Rule 32(f), a showing that the defendant has failed to keep the peace and to remain on good behavior is sufficient to establish a probation violation. *Godette*, 751 A.2d at 745 (citing *State v. Hie*, 688 A.2d 283, 284 (R.I.1996)).

█ It is clear to us that in the instant case, the hearing justice made the appropriate inquiry in determining that defendant had violated the terms of his probation. Clearly, defendant failed to keep the peace and was not acting in good behavior at the time of the incident on July 10, 1998, and the hearing justice delineated such findings in his decision. Specifically, the hearing justice stated:

"It should also be noted that when someone is on probation, they are not to be in these circumstances in the first place. Shouting and yelling, and using marijuana and getting into a situation where a fight occurs, is not something that anybody should get involved in, but it clearly is not something that somebody on probation should become involved in, and as a probationer, Mr. Znosko, even if he were attacked in an unprovoked fashion by Mr. Santiago, and I do not believe that this is the case, but even if he were attacked in an unprovoked fashion, * * * Mr. Znosko, as a probationer, should have taken off and gotten out of a situation where there is this kind of problem unfolding.

"So, my conclusion is that Mr. Znosko is a violator, and I find him to be a violator."

█ Indeed, we are satisfied that defendant's conduct was not in conformance with keeping the peace, nor was it in good behavior. In his statement to police, defendant admitted to smoking marijuana, and he acknowledged his participation in the altercation. Further, he had on his person a pocket knife. Certainly, this behavior is sufficient for a hearing justice to determine that a probationer is in violation of the terms and conditions of his probation. Accordingly, we are of the opinion that the hearing justice did not act in an arbitrary or capricious manner in declaring the defendant to be a violator.

In addition, we note that the information that composed the grounds for the hearing justice's determination of defendant as a violator was contained within the Rule 32(f) statement that was provided to defendant. Therefore, defendant was adequately put on notice of the grounds for the violation, and the requirement of Rule 32(f) and its minimal due-process standards were satisfied.

Finally, the defendant argued that the hearing justice erroneously shifted the burden of proving self-defense to defendant, and that this error constituted reversible error. Because we are satisfied that there were sufficient grounds for the hearing justice to find the defendant a violator, we need not address the defendant's assertion of self-defense and his argument that the burden of proof inappropriately shifted to him. Although we note that these are issues that may militate in his favor at trial on the underlying charge, they are not issues that are dispositive at this time.

## Conclusion

We therefore conclude that the trial justice did not act arbitrarily or capriciously in finding that the defendant had violated the terms of his probation. Consequently, the defendant's appeal is denied and the judgment of the Superior Court is affirmed.