**STATE**

v.

**Michael CAPRIO.**

**No. 2001–459–C.A.**

Supreme Court of Rhode Island.

April 1, 2003.

Lauren Sandler Zurier, Providence, for plaintiff.

Paula Rosin, Catherine A. Gibran, Providence, for defendant.

Present WILLIAMS, C.J., FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The defendant, Michael Caprio (Caprio or defendant), appeals from a Superior Court judgment finding that Caprio violated the terms of his probation. He asserts that the hearing justice erred by (1) denying his motion for a continuance to retain new counsel, (2) limiting the scope of cross-examination, and (3) failing to dismiss the violation case for lack of jurisdiction under the Interstate Agreement on Detainers Act G.L.1956 Chapter 13 of Title 13 (IADA). This case came before the Supreme Court for oral argument on January 22, 2003, following an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. Having reviewed the record and the parties' briefs, and having considered the oral arguments, we are of the opinion that cause has not been shown and proceed to decide the appeal at this time. For the reasons indicated below, we affirm the judgment of the Superior Court.

## I

### Facts and Travel

Caprio was serving a prison sentence in Florida when he agreed to be extradited to Rhode Island under the IADA to answer to six charges, including breaking and entering, and assault and battery. He arrived on October 18, 2000. During his arraignment on October 19, 2000, the state served defendant with a probation violation notice pursuant to Rule 32(f) of the Superior Court Rules of Criminal Procedure and presented him as a violator of probation for sentences he was serving for two other unrelated offenses in Rhode Island. Approximately one month after the arraignment, the court appointed Attorney

Michael Devlin (Devlin) to represent defendant.

Caprio was present on January 8, 2001, for the scheduled probation violation hearing and pretrial conference. Both Caprio and the state expected to enter into a plea agreement as a result of previous negotiations. After numerous meetings that day with Devlin concerning a plea agreement, defendant accepted the offer Devlin described—six years, with fifteen months to serve. The defendant says that this was similar to previous offers from the state. The state then discharged its hearing witnesses upon learning about Caprio's intention to accept the plea. As it turns out, Devlin admitted that he unintentionally misrepresented the offer to Caprio. When Caprio discovered that the actual offer was fifteen years, with six years to serve, he retracted his acceptance and found himself in front of the hearing justice that afternoon.

At the beginning of defendant's hearing, he requested that the court remove Devlin as his attorney for failing to act in his best interest and continue the matter so that the court could appoint different counsel or defendant could obtain new counsel. After the hearing justice requested that defendant attempt to persuade the court to continue the matter, Caprio responded:

"last month alone I was offered total [sic] opposite, pretty close, to the deal that I was offered today that Mr. Devlin say Oh, [sic] he made a mistake on. Last month I was offered a deal close to that. Now it just like tripled today after I don't know what happened up here. He came downstairs three, four times and explained the deal, read my rights, I signed the deal, he came upstairs, he came down and said it just jumped up six times as high. * * * And if [Devlin] didn't realize what was going on in the dealings in the five times we were up here trying to work a plea bargain, I feel [he is] not representing me in the best of my interest."

Upon defendant's admission that he was not prepared to proceed *pro se,* the hearing justice denied his oral motion for a continuance to obtain different counsel. "This matter is scheduled for a hearing today, Mr. Caprio," the hearing justice stated. He continued, "I'm not persuaded that you have demonstrated that Mr. Devlin is not representing your best interests, sir." Caprio respectfully replied to the hearing justice that something was not right with the way the plea arrangement occurred and he needed someone to "work for [him]."

Amidst the confusion, the hearing justice denied the motion to dismiss Devlin as counsel and demanded that, at ten minutes to four o'clock, the hearing proceed. The state called its remaining witness, the complainant, Christine.

At the hearing, Christine testified to the charges against Caprio, which also were the subject of the violation hearing.[1] After Christine's brief testimony about the facts surrounding the allegations, the hearing justice indicated that he believed there was enough evidence to declare Caprio a violator. During cross-examination, Devlin attempted to elicit testimony from Christine about amicable meetings between her and defendant before the alleged incidents but, after Devlin's offer of proof, the hearing justice sustained the state's relevance objection.

At the close of the state's case, defendant directed Devlin to move to dismiss for lack of jurisdiction because the IADA detainer did not mention the probation viola-

---

**1.** Christine testified that defendant stole her television, kicked down the door in her home after she shut and locked it behind him, and hit her five or six times with a closed fist on the right side of her back.

tion hearing. Because of Devlin's lack of knowledge about the IADA and the state's inability to provide a response about whether this issue has been addressed before, the hearing justice continued the hearing. When the hearing resumed on January 31, 2000, the hearing justice determined that the court did have jurisdiction over the matter and that Caprio violated the conditions of his probation. The defendant timely appealed.

## II

### Motion to Dismiss for Lack of Jurisdiction

The state contends that defendant waived the IADA jurisdictional argument on appeal because he failed to raise it earlier in the proceeding. However, we are satisfied that defendant did raise the issue during the hearing and the hearing justice entertained it and ruled on it; therefore, we will review it. Furthermore, this is an issue of subject matter jurisdiction that can be raised at any time.

■ The defendant contends that the hearing justice did not have jurisdiction over the violation hearing because the IADA only provides for notice of "untried indictments, informations or complaints." Section 13–13–2, Art. III(d). The defendant was only served with notice of the new charges under the IADA and he agreed to come back to Rhode Island for final disposition of those charges. Then, once he arrived in the state, he was served with the violation notice. Caprio asserts that "[h]is decision to return to Rhode Island did *not* contemplate that he would also be subjected to a violation hearing on two other informations, neither of which was referenced in the detainer."

The United States Supreme Court has held that a probation violation cannot be the basis of a detainer under the IADA. *See Carchman v. Nash,* 473 U.S. 716, 726, 105 S.Ct. 3401, 3406, 87 L.Ed.2d 516, 524

(1985). The reason, the Court explained, is that "[a] probation-violation charge * * * does not accuse an individual with having committed a criminal offense in the sense of initiating a prosecution, [and] thus does not come within the terms of Art. III." *Id.* at 725, 105 S.Ct. at 3406, 87 L.Ed.2d at 524. However, that is not what occurred in this case; Caprio's detainer was based on an untried complaint, namely the conduct alleged by Christine. The real issue is whether the state must notify the prisoner of the probation violation hearing in the detainer in addition to the untried charges.

■ We adopt the rule in *Carchman* and conclude that since probation violation hearings do not come within the purview of the IADA, there is no obligation to notify prisoners about probation violation hearings under the IADA. Additionally, once a defendant is in the state under the IADA, he or she can be tried on any other pending charges or actions. This result furthers the IADA's purpose "to foster a productive and rehabilitative environment for a prisoner serving a sentence in one jurisdiction by encouraging and facilitating the expeditious disposition of charges pending against that prisoner in another jurisdiction." *State v. Clifton,* 777 A.2d 1272, 1279 (R.I.2001). As a result, the hearing justice did not err in finding that the court had jurisdiction.

## III

### Motion for Continuance

■ We will not disturb a hearing or trial justice's decision on a motion to continue absent an abuse of discretion. *State v. Burke,* 811 A.2d 1158, 1163 (R.I.2002) (citing *State v. Calenda,* 787 A.2d 1195, 1201 (R.I.2002) (per curiam)). "A sustainable exercise of discretion in this context requires the trial justice to balance care-

fully the presumption in favor of the defendant's right to trial counsel of choice and the public's interest in the prompt, effective, and efficient administration of justice." *Id.* (quoting *State v. Moran,* 699 A.2d 20, 25 (R.I.1997)). This consideration calls for the contemplation of the specific circumstance of each case. *See id.* Factors to be considered include:

"the promptness of the continuance motion and the length of time requested; the age and intricacy of the case; the inconvenience to the parties, witnesses, jurors, counsel, and the court; whether the request appears to be legitimate or merely contrived foot dragging; whether the defendant contributed to the circumstances giving rise to the request; whether the defendant in fact has other competent and prepared trial counsel ready to pinch-hit; whether there are multiple codefendants, making calendar control more difficult than usual; and any other relevant factor made manifest by the record." *Id.* (quoting *Moran,* 699 A.2d at 26).

In addition, and most important for our purposes, there must be "exceptional circumstances" to justify a delay for an eleventh-hour discharge of counsel. *Id.* (quoting *State v. Monteiro,* 108 R.I. 569, 575, 277 A.2d 739, 742 (1971)). We conclude that the facts surrounding this case do not constitute the exceptional circumstances required and, therefore, the hearing justice did not abuse his discretion in refusing to grant defendant's motion for a continuance.

■ First, defendant's time here in the state under the IADA was limited. Second, the complaining witness was present and prepared to testify. Third, Caprio provided no good reason for dismissing Devlin; Devlin admittedly, although unintentionally, provided erroneous information to his client, but Caprio had no reason to believe that the error was willful or malicious or that Devlin was incapable or unwilling to serve his interests. This coupled with the time constraint and inconvenience to the complainant justifies the hearing justice's decision. As a result, the hearing justice did not abuse his discretion in denying defendant's oral motion for a continuance so that he could obtain new counsel.

■ Finally, given the low standard of reasonably satisfactory evidence for finding a violation, *see State v. Znosko,* 755 A.2d 832, 834 (R.I.2000) (per curiam), defendant would have been found a violator on the testimony of the complaining witness with or without a continuance. Therefore, even if there were an abuse of discretion, it was harmless.

## IV

### Cross–Examination

■ "[E]ven in a violation hearing, there exists a constitutional right to confront and cross-examine adverse witnesses unless the hearing officer specifically finds good cause for not allowing confrontation." *State v. Bourdeau,* 448 A.2d 1247, 1249 (R.I.1982). However, a trial or hearing justice, through his or her sound discretion, may reasonably limit the scope of cross-examination. *See State v. Bettencourt,* 723 A.2d 1101, 1109 (R.I.1999). Questions that exceed the limits of cross-examination and are thus subject to the trial or hearing justice's control, are those that "harass, annoy, or humiliate the witness, or questions that are irrelevant or offer no probative value." *Id.* at 1110 (quoting *State v. Anthony,* 422 A.2d 921, 924 (R.I.1980)). A trial or hearing justice's decision to limit the scope of cross-examination will not be disturbed absent a clear abuse that results in prejudicial error. *See id.*

Caprio argues that the hearing justice erred in refusing to allow a line of cross-examination questions about previous amicable meetings between defendant and the complaining witness, Christine. The hearing justice found this information to be irrelevant. Therefore, we will not disturb his decision absent a clear abuse of discretion that resulted in prejudicial error. *See Bettencourt,* 723 A.2d at 1110. Previous amicable interactions between Caprio and Christine do not serve to disprove subsequent allegations of violent conduct. Consequently, the information was irrelevant, the hearing justice did not abuse his discretion and we will not disturb the hearing justice's decision.

### Conclusion

Accordingly, the defendant's appeal is denied and dismissed. The judgment of the Superior Court is affirmed and the case is remanded to the Superior Court.