## STATE

v.

### George C. GONCALVES.

No. 2006–37–C.A.

Supreme Court of Rhode Island.

Feb. 21, 2008.

Lauren S. Zurier, Esq., Providence, for Plaintiff.

Marie Roebuck, Esq., Providence, for Defendant.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

## OPINION

Chief Justice WILLIAMS, for the Court.

The defendant, George C. Goncalves (defendant), appeals from an adjudication of a probation violation and the partial denial of his motion to dismiss pursuant to Rule 35(a) of the Superior Court Rules of Criminal Procedure. This case came before the Supreme Court for oral argument on January 24, 2008, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that this appeal may be decided at this time, without further briefing or argument. For the reasons set forth herein, we affirm the judgment of the Superior Court.

## I

### Facts and Travel

The hearing justice in this case found that defendant violated the conditions of his probation in two separate underlying cases, both of which involved convictions for possession of narcotics. The hearing justice based his decision on the testimony of two police officers and a detective from the Pawtucket Police Department. One of the officers testified that while on patrol in Pawtucket on April 29, 2005, he spotted a car traveling on Hurley Avenue. He followed the car and looked up the license plate, and discovered that the plate had been reported stolen.

■ The officers testified that, during defendant's arrest at the scene for suspected drug possession and a subsequent search at the police station, they found and seized a total of eighteen small bags of a white substance and eighteen small bags of a "greenish-brownish substance." A Pawtucket police detective testified at the violation hearing that he performed tests on the seized substances, which revealed that the white substance was cocaine and the brown leafy substance was marijuana. On appeal, defendant does not challenge the aforementioned account of the stop and arrest on April 29, 2005.[1]

At the beginning of the two-day violation hearing, defendant addressed the court, requesting permission to "fire" his attorney. The defendant explained that he and his attorney were "not connecting with each other right now." The defendant was unwilling to disclose any further details to the court. The defendant's attorney informed the court that he believed the conversations concerning their disagreement were privileged. The defendant's attorney, however, was not willing to characterize the situation as unworkable, saying, "I don't think, in my professional opinion, that a conflict exists."

After some consideration, the hearing justice concluded that defendant primarily was unhappy with the plea offers he had

---

1. According to defendant's brief, he has since pled *nolo contendere* to charges stemming from the April 29, 2005 stop and arrest. Accordingly, defendant is precluded from challenging those charges on appeal as the basis for this violation. *See State v. Seamans,* 935 A.2d 618, 622 (R.I.2007).

received from the state, which were outside the defense attorney's control. Additionally, he noted that defendant's request to change attorneys already had been rejected by a different hearing justice a week and a half earlier. Finally, he noted that the state was ready with witnesses and defendant's attorney was "ready, willing, and able to take the case on." Taking all of these factors into account, the hearing justice denied defendant's request to change counsel and proceeded with the hearing.

The defendant complained that he was not prepared to start, but he added that, if he was forced to continue, he would represent himself with his attorney as standby counsel. The hearing justice again stated that the matter was going to proceed, even if defendant intended to represent himself. The hearing justice proceeded over defendant's objections. Ultimately, defendant's attorney cross-examined each of the witnesses.

At the close of the hearing, the hearing justice was reasonably satisfied that defendant had violated the terms of his probation, and ordered defendant to serve three years of a three-year suspended sentence in case P2/02–3895D (the 2002 case) and continued defendant's four-year suspended sentence in case P2/03–3674A (the 2003 case). The defendant filed a timely appeal to this Court on July 29, 2005.

In a complicating twist, this Court granted defendant's post-appeal motion to remand and hold in abeyance so he could bring a motion in Superior Court in accordance with Rule 35 to have the underlying sentence in the 2002 case corrected. The record was remanded and defendant's motion was heard before a Superior Court magistrate on October 13, 2006. At that hearing, the magistrate found that the maximum penalty for the 2002 conviction was two years, not the three years imposed. Therefore, the magistrate issued an order correcting the sentence in the 2002 case to two years suspended, with two years probation.

Next, defendant brought a second Rule 35(a) motion to correct the order to serve three years on the 2002 conviction issued by the probation-violation hearing justice. At that hearing, defendant argued that the order to serve three years was illegal because the underlying sentence was corrected to only two years. In addition, he argued that the corrected two-year suspended sentence already was completed when the order was issued, so the hearing justice lacked jurisdiction from the start. He went a step further, however, arguing that the hearing justice could not modify his order to require defendant to serve any of the *2003 sentence*, because the hearing justice already had continued the original suspension and no longer had jurisdiction to modify that disposition.

The hearing justice did not decide the issue immediately, but instead put the hearing in recess for more than a week for consideration. On November 20, 2006, he ruled from the bench in favor of the state. Accordingly, he corrected his original decision and ordered defendant to serve three years of the four-year suspended sentence from the 2003 case, with the stated intention that defendant serve three years at the Adult Correctional Institutions (ACI), as intended in the original order.

On November 21, 2006, defendant filed a second appeal and the record was returned to this Court. We will consider the issues raised in both appeals.

## II

### Analysis

The defendant makes two arguments on appeal. First, he argues that the hearing justice abused his discretion and violated

defendant's state and federal constitutional right to counsel of his choice when he refused to grant a motion for a continuance. Second, he argues that the hearing justice misinterpreted Rule 35 when he corrected the original order and ordered defendant to serve three years on the 2003 case.

## A

### Motion for a Continuance

■ The defendant argues on appeal that the hearing justice abused his discretion by refusing to grant his motion to continue so he could engage new defense counsel. Rather than grant this motion, the hearing justice required defendant to proceed with the lawyer he already had retained.

■ On appeal, "[w]e will not disturb a hearing or trial justice's decision on a motion to continue absent an abuse of discretion." *State v. Caprio,* 819 A.2d 1265, 1269 (R.I.2003) (citing *State v. Burke,* 811 A.2d 1158, 1163 (R.I.2002); *State v. Dias,* 118 R.I. 499, 503, 374 A.2d 1028, 1029–30 (1977)). Furthermore, "a violation hearing is summary in nature and the full panoply of rights afforded to a defendant at a criminal trial are not available at a violation hearing * * * includ[ing] the right to a continuance in order to secure counsel of his or her own choice." *State v. Davis,* 726 A.2d 13, 14 (R.I.1998) (mem.).

■ Though our standard of review is limited, a defendant at a violation hearing is not stripped entirely of the right to counsel of his or her own choice. *Caprio,* 819 A.2d at 1269–70. "A sustainable exercise of discretion in this context requires the trial justice to balance carefully the presumption in favor of the defendant's right to trial counsel of choice and the public's interest in the prompt, effective, and efficient administration of justice." *Id.* ·(quoting *Burke,* 811 A.2d at 1163). In making that determination, a hearing justice must look to the "specific circumstances of each case." *Id.* at 1270 (citing as an example the specific factors from *State·v. Moran,* 699 A.2d 20, 26 (R.I.1997)).

Looking to the specific circumstances of this case, we cannot conclude that the hearing justice abused his discretion. First, defendant's request for a continuance to secure different counsel had been considered and rejected by a different justice eleven days before the violation hearing commenced. The hearing justice in this case noted on the record that defendant had not taken any steps to engage new counsel during the intervening eleven-day period. *See Moran,* 699 A.2d at 26 (listing as one factor "whether the defendant in fact has other competent and prepared trial counsel ready to pinch-hit"). Second, the hearing justice noted on the record that defendant primarily was unhappy with "the proposed disposition" of his case, even though his lawyer had plea bargained effectively with the state. *See id.* (listing as one factor "whether the request appears to be legitimate"). The defense lawyer secured an offer of eighteen months incarceration to serve on both violations. Third, defendant's attorney was present and ready to proceed, and he did in fact cross-examine the state's witnesses. Finally, this was the sixth hearing on the matter, and the state had come prepared with its witnesses. *See id.* (listing as one factor "the inconvenience to the parties, witnesses, jurors, counsel, and the court"). The hearing justice was justifiably concerned that defendant would cause further delay late in the process. *See Caprio,* 819 A.2d at 1270 ("[T]here must be 'exceptional circumstances' to justify a delay for an eleventh-hour discharge of counsel." (quoting *Moran,* 699 A.2d at 26)).

The hearing justice looked explicitly to the factors above and applied the appropriate test, balancing defendant's rights against the public's right to a fair and efficient justice system. *See Caprio,* 819 A.2d at 1269–70. "On balance," the hearing justice determined that the best course of action was to deny the request for a continuance and proceed with the hearing. In so doing, the hearing justice acted well within his discretion, and we will not disturb his determination on appeal. For the foregoing reasons, we affirm the hearing justice's denial of defendant's motion for a continuance.

## B

### Rule 35(a) Sentence Correction

■■■ The defendant next argues that the hearing justice did not have jurisdiction under Rule 35(a) to modify his original order continuing defendant's 2003 sentence. Generally, our review of a motion justice's ruling on a motion to correct pursuant to Rule 35 is limited. *State v. Burke,* 876 A.2d 1109, 1112 (R.I.2005) (citing *State v. Morris,* 863 A.2d 1284, 1286 (R.I.2004)). However, the issue in this case requires us to interpret Rule 35(a) to determine the extent of the authority granted by the rule. "When interpreting statutes and court rules, we apply a *de novo* standard of review." *State v. Brown,* 898 A.2d 69, 76 (R.I.2006) (citing *Jackson-bay Builders, Inc. v. Azarmi,* 869 A.2d 580, 583 (R.I.2005)).

This appeal raises an issue of first impression before this Court concerning a practice that is commonly known as sentence re-bundling. Re-bundling occurs "[w]hen one or more components of a defendant's sentence are held to be illegal"

and the hearing justice thereafter corrects the *entire* sentencing package in order to "effectuate the original sentencing intent." *United States v. Martenson,* 178 F.3d 457, 462 (7th Cir.1999) (quoting *United States v. Shue,* 825 F.2d 1111, 1114 (7th Cir. 1987)). In the case at bar, the hearing justice's order was illegal as it related to the 2002 conviction, but he later "re-bundled" the sentencing package, relying on Rule 35 to achieve the same result—three years to serve.

Even though re-bundling is an issue of first impression in Rhode Island, we are not without guidance; our neighbor state, Connecticut, has dealt squarely with this issue, as have many federal circuit courts of appeal. *See State v. Raucci,* 21 Conn. App. 557, 575 A.2d 234, 235–36 (1990) (citing cases from the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Ninth, and Eleventh Circuit Courts of Appeal dealing with the issue of sentence bundling); (*State v. Tabone,* 68 Conn. L.J. 154 (August 15, 2006) (as corrected at 68 Conn. L.J. xxii (October 10, 2006)) (remanding "for resentencing in accordance with" *Raucci*)).[2] *Cf. Wilson v. State,* 170 P.3d 975, 979 (Nev.2007) (rejecting sentence bundling theory based on the uniqueness of federal sentencing law). Of all the federal courts that have discussed sentence re-bundling, all but the Ninth Circuit Court of Appeals hold the position that "the original sentencing court is viewed as having imposed individual sentences merely as component parts or building blocks of a larger total punishment * * *." *Raucci,* 575 A.2d at 236.

■■■ The logical implication of this view in the resentencing context is clear: "When the conviction on one or more of the component counts is vacated, common

---

**2.** The final corrected version will appear at *State v. Tabone,* 279 Conn. 527, 544, 902 A.2d 1058 (2006).

sense dictates that the judge should be free * * * to reconstruct the sentencing architecture * * * within applicable constitutional and statutory limits * * * to ensure that the punishment still fits both crime and criminal." *United States v. Pimienta–Redondo,* 874 F.2d 9, 14 (1st Cir. 1989) (en banc). We adopt the majority approach in the Rule 35 context in Rhode Island. Accordingly, a hearing justice who corrects an illegal sentence pursuant to Rule 35(a) may correct the entire initial sentencing package to preserve the originally intended sentencing scheme, so long as the corrected sentence does *not* exceed the sentence originally imposed. *See, e.g., Martenson,* 178 F.3d at 462; *Raucci,* 575 A.2d at 237 ("recognizing the power of the court to fashion the new sentence so as to conform to its original sentencing intent").

Applying this newly adopted rule to the case at bar, it is clear that the hearing justice modified his order appropriately. First, the hearing justice made it clear that he was acting in accordance with his original plan:

> "[T]he plan was to sentence this defendant to three years at the ACI as a violator of his probations. * * * Obviously, now we know that the first case was erroneous. It should not have been before me. Had that been the case, there's not a shred of doubt in my mind that what I would have done was given him the three years on the second case. And, I think based upon the authority that has been cited to me today, that's exactly what should happen."

The hearing justice was explicitly attempting to preserve the intent of his original sentencing scheme. Additionally, the hearing justice's new order did not exceed the total time ordered to serve under the original order. The hearing justice in this case, therefore, anticipated and followed the rule announced in this opinion. Ac-

cordingly, we affirm the hearing justice's ruling and order.

### Conclusion

For the reasons stated herein, we affirm the judgment of the Superior Court. The record shall be remanded to the Superior Court.