Russell YATES

v.

A.T. WALL et al.

State

v.

Russell Yates.

Nos. 2004–284–Appeal, 2004–289–
M.P. and 2005–19–C.A.

Supreme Court of Rhode Island.

May 7, 2009.

Aaron L. Weisman, Department of the Attorney General.

Marie T. Roebuck, Office of the Public Defender.

## O R D E R

The defendant, Russell Yates, appeals from (1) a judgment of conviction declaring him to have violated the terms and conditions of probation, and (2) the denial of his application for postconviction relief. On appeal, the defendant challenges the constitutional authority of the Superior Court magistrate to preside at such proceedings. He further contends that the magistrate improperly refused to recuse himself because of his bias against the defendant, and that the magistrate erred in denying the defendant's motion for default judgment with respect to his application for postconviction relief.

The defendant pleaded nolo contendere on December 21, 1989 to various offenses[1] and was sentenced to twenty-five years at the Adult Correctional Institutions (ACI), with twelve years to serve and the balance suspended, with probation. On March 14, 2000, defendant was presented as a violator in connection with a misdemeanor larceny offense allegedly committed on March 11, 2000. On May 31, 2000, defendant admitted to violating the terms of his probation, and the violation hearing justice removed four months of his suspended sentence, giving defendant credit for time that he had been held in custody on the underlying charge. The defendant was represented by counsel at these proceedings.

On October 29, 2002, the state filed another violation report against defendant under Rule 32(f) of the Superior Court Rules of Criminal Procedure, based upon a police report indicating that on October 28, 2002 he had been charged with first-degree robbery and two counts of assault with a device similar to a firearm. On July 30, 2003, before the probation violation was adjudicated, defendant filed a *pro se* application for postconviction relief, alleging *inter alia* that the violation report filed by the state incorrectly referred to defendant's original sentence as twenty-five years with twelve years, four months to serve and twelve years, eight months suspended, rather than twelve years to serve and thirteen years suspended. From this, he apparently deduced that the sentence imposed on May 31, 2000 had altered the original sentence and was, therefore, an illegal sentence. He sought to have the "remaining 12 years and 8 months vacated."

On September 29, 2003, defendant filed a motion for default judgment against the state for its failure to answer his application for postconviction relief. Eventually all pending matters were assigned to a magistrate acting on the authority con-

---

1. The charges included racketeering, violating state narcotics laws, carrying a pistol without a license, and altering markings on a firearm.

ferred upon him by the Chief Justice under G.L. 1956 § 8–15–3.1.[2] After several hearings, the magistrate denied both defendant's application for postconviction relief and motion for default judgment. The magistrate then proceeded to address the probation-violation hearing. On October 5, 2004, the magistrate found defendant to have violated his probation and ordered him to serve twelve years and eight months at the ACI. On November 7, 2007, defendant entered a guilty plea to an amended charge of second-degree robbery and was sentenced to twenty years, with thirteen years to serve retroactive to October 28, 2002.

The primary focus of defendant's arguments on appeal is the authority of the magistrate to preside at both the postconviction-relief and probation-violation hearings. His contentions with respect to the probation-violation hearing, however, are unquestionably moot. The defendant's subsequent plea of guilty to the underlying charge of second-degree robbery has removed any "controversy about whether defendant committed the criminal conduct that gave rise to the probation violation." *State v. Seamans*, 935 A.2d 618, 623 (R.I. 2007); *see State v. Goncalves*, 941 A.2d 842, 844 n. 1 (R.I.2008) (nolo contendere plea subsequent to probation hearing precluded the defendant from challenging those charges on appeal). If defendant were granted a new probation-violation hearing, there would be nothing for a hearing justice to decide because defendant's failure to keep the peace and be of good

behavior was established conclusively when he pleaded guilty. Accordingly, we are satisfied that defendant's guilty plea to an offense emanating from the same conduct that provided the basis of the Rule 32(f) violation report renders moot his appeal from the judgment declaring him to be a probation violator. His appeal from said judgment, therefore, is denied and dismissed.

With respect to the defendant's application for postconviction relief, the record indicates that the magistrate denied both the application and the defendant's motion for default judgment in a bench decision issued on September 17, 2004, and that the defendant filed a notice of appeal on September 21, 2004. The record is devoid, however, of any judgment or order embodying the magistrate's decision. Thus, the defendant's appeal is not properly before us. *See* G.L. 1956 § 10–9.1–9 ("A final judgment entered in a proceeding [for postconviction relief] shall be appealable to the supreme court in the same manner and subject to the same requirements as a final judgment in a civil action."). We remand the case, therefore, to the Superior Court for the sole purpose of entering an appropriate judgment, after which the papers shall be returned to the Supreme Court.

Accordingly, the defendant's appeal from the judgment declaring him to have violated the terms and conditions of his probation is denied and dismissed. The record of the case shall be remanded to

**2.** At the time, G.L. 1956 § 8–15–3.1 provided: "The Chief justice of the supreme court has the power to assign any magistrate of the superior court, family court, and/or district court to any court of the unified judicial system with the consent of the presiding justice and/or chief judge of the relevant courts in the same manner as a judge may be assigned pursuant to chapter 15 of this title. When a magistrate is so assigned, he or she shall be vested, authorized, and empowered with all the powers belonging to the justices and/or magistrates of the court to which he or she is specially assigned." Section 8–15–3.1 has since been amended to eliminate the Chief Justice's authority to vest a magistrate with the authority of a justice. *See* P.L. 2007, ch. 73, art. 3, § 10.

38 

the Superior Court for further proceedings
consistent with this order.