February 20, 2026

Destiny Viera                   :

v.                              :

State of Rhode Island.          :

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Destiny Viera                    :

v.                               :

State of Rhode Island.           :

Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

### O P I N I O N

**Justice Robinson, for the Court.**  These two consolidated cases are before the Court pursuant to two petitions for writs of certiorari filed by the petitioner, Destiny Viera, which petitions this Court granted on September 8, 2025.  Ms. Viera seeks review of two substantially identical orders of the Superior Court entered on July 24, 2025, which orders removed David A. Cooper, Esq., as her attorney in two criminal cases because of what the trial justice characterized as a "potential conflict of interest * * *."

Ms. Viera contends that the trial justice "violated [her] Sixth Amendment and Article I, § 10 rights by *sua sponte* removing her chosen counsel despite no actual

- 1 -

conflict * * *."[1]  Ms. Viera further contends that the trial justice's removal of Attorney Cooper lacked a factual predicate because no actual conflict existed. Additionally, Ms. Viera contends that the trial justice erred by overriding her knowing and voluntary waiver of potential future conflicts of interest.  Finally, citing *United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006), Ms. Viera contends that the trial justice's "wrongful deprivation of counsel of choice is structural error * * *."

This Court directed the parties to appear and show cause why the issues raised in the petitions for writs of certiorari should not be summarily decided.  After considering the parties' written and oral submissions and after reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument.

For the reasons set forth in this opinion, we quash the two above-referenced July 24, 2025 orders of the Superior Court.

# I

## Facts and Travel

These two consolidated cases stem from criminal complaints filed by the Pawtucket Police Department and the Providence Police Department on June 28, 2025 and June 30, 2025, respectively, which complaints charged Ms. Viera with

---

[1]  Ms. Viera's mention of "Article I, § 10" is a reference to article 1, section 10 of the Rhode Island Constitution.

having committed several drug-related offenses in those two communities. In addition to Ms. Viera, there was one codefendant in the Pawtucket case—namely, Jaylan Lopez. In the Providence case, there were two codefendants in addition to Ms. Viera—namely, Teddy Lopez and Jaylan Lopez.

In due course, Attorney Cooper entered his appearance as Ms. Viera's attorney in both cases.

On June 30, 2025, Ms. Viera was arraigned on both complaints in the District Court, after which she was held without bail. Both cases were then transferred to Superior Court pursuant to Rule 5(a) of the Superior Court Rules of Criminal Procedure. We glean the pertinent facts from the two bail hearings held in the Superior Court on July 2 and July 16, 2025, and we relate below the salient aspects of what transpired at those hearings.

On July 2, 2025, as a prelude to the actual bail hearing, a chambers conference was held, during which the trial justice expressed his "significant concern that Mr. Cooper had a conflict arising out of his former representation of Teddy Lopez who is a co-defendant here * * *."[2] In response, Attorney Cooper indicated that he would obtain a written and signed conflict waiver from Mr. Lopez, which he

---

[2]    All further references in this opinion to "Mr. Lopez" are to Mr. Teddy Lopez, except in instances where we are quoting the trial justice, the attorneys, or Ms. Viera.

indicated would also be signed and witnessed by Mr. Lopez's attorney.[3]  The trial justice acknowledged that a waiver from Mr. Lopez would be helpful, but he added that he still had concerns relative to Attorney Cooper's representation of Ms. Viera because "she would not have anyone to rely on as to whether or not there was a conflict but for Mr. Cooper."  Following the chambers conference, the trial justice, with Ms. Viera's consent, continued the bail hearing for two weeks in order to allow time for a home confinement review to be conducted.

On July 16, 2025, in the course of the continued bail hearing, the trial justice focused once again on what he considered to be a "potential conflict."  The state expressed concerns regarding Attorney Cooper's representation of Ms. Viera in view of his previous representation of Mr. Lopez.  The state further argued that, if the case were to proceed to trial, "Ms. Viera and Mr. Teddy Lopez would have very different interests in the outcome of that trial."  The state then expounded upon its concerns as follows:

> "[T]he State does have concerns about where this may go. And, again, we're at the very inception of the case here. No one in this room can predict how the outcome will occur for any one of these co-defendants."

The trial justice next addressed Ms. Viera directly.  He asked her whether she understood why the court was concerned about a potential conflict relating to

---

[3]      Mr. Teddy Lopez is currently represented by Attorney Artin Coloian.

Attorney Cooper's previous representation of Mr. Lopez, and she replied in the affirmative. The trial justice further inquired whether Ms. Viera understood that she had "a right to independent counsel * * *." Ms. Viera stated that she had had a chance to discuss the potential conflict issue with Attorney Cooper.

The trial justice then asked Attorney Cooper to "outline all of [his] prior representations" of Mr. Lopez. Attorney Cooper stated that he had represented Mr. Lopez in "at least one drug case." He further stated: "I don't see a conflict here * * *." The trial justice then expressed his concern about a "potential for conflict down the line" relative to Attorney Cooper's representation of Ms. Viera. The trial justice went on to state that he had been hopeful that, at some point prior to the hearing which he was then conducting (July 16), Attorney Cooper would have discussed with Ms. Viera "all of [his] prior dealings with Mr. Lopez * * *." Attorney Cooper responded that it was his assumption that, once he had provided the trial justice with Mr. Lopez's written waiver of a potential conflict, "we were all done with that." The trial justice emphasized that it was "Ms. Viera's interests that [he was] focused on * * *." He further stated: "I want to make sure she knows exactly what's happened in the past."

The trial justice then asked Ms. Viera whether she was "comfortable with [Attorney] Cooper representing [her] in this proceeding * * *." Ms. Viera answered in the affirmative. The trial justice further inquired whether Ms. Viera "recognize[d]

that there is a potential conflict here because [Attorney Cooper] did, at least in part, represent someone who may be a witness called by the State to give testimony against [her] * * *." Ms. Viera stated that she understood. The trial justice next asked Ms. Viera whether she had "had enough time to mentally and carefully think about this potential conflict * * *." Ms. Viera again answered in the affirmative.

The trial justice next proceeded to question Ms. Viera as to whether she waived any potential conflict, but she responded in a less-than-unequivocal manner. She first stated that she did not waive a potential conflict. She then asked the trial justice to define what he meant by "waived." The trial justice declined to comply with her request, stating that "an attorney should do that for you." Ms. Viera then stated on the record:

> "I had enough time to talk with Mr. Cooper, between us, in which I would like him to represent me. I have no problem with the previous representation he had with Mr. Lopez. I fully understand his involvement in the past with Mr. Lopez, but it doesn't concern me whatsoever, your Honor."

In response, the trial justice stated that "the [c]ourt will consider that to be a waiver."[4]

Immediately thereafter, the trial justice removed Attorney Cooper from representing Ms. Viera in both cases due to what he characterized as the "strong potential for conflict in this case." Following a brief recess, the actual bail hearing

---

[4] The record does not contain a written waiver by Ms. Viera of any potential conflict of interest.

- 6 -

began, at which Ms. Viera was represented by an attorney from the Public Defender's office.

On July 24, 2025, an order was entered, reflecting the removal of Attorney Cooper as counsel of record for Ms. Viera in both criminal matters. That order, in material part, reads as follows:

> "The [c]ourt finds that a potential conflict of interest exists because of the past representation of codefendant Teddy Lopez and Attorney David A. Cooper's current representation of Destiny Viera. It is hereby ordered that Attorney David A. Cooper be removed as counsel of record for Destiny Viera."

On July 24, 2025, Ms. Viera petitioned this Court for the issuance of a writ of certiorari with respect to the Providence case. Then, on August 29, 2025, Ms. Viera filed a separate petition for the issuance of a writ of certiorari with respect to the Pawtucket case; and she also moved to consolidate both cases before this Court. On September 8, 2025, this Court granted Ms. Viera's petitions as well as the motion to consolidate the two cases.

## II

## Issues on Appeal

Before this Court, Ms. Viera contends: (1) that the trial justice "violated [her] Sixth Amendment and Article I, § 10 rights by *sua sponte* removing her chosen counsel despite no actual conflict;" (2) that the trial justice's removal of Attorney Cooper lacked a factual predicate because no actual conflict existed; (3) that the trial

- 7 -

justice erred by overriding her knowing and voluntary waiver of potential future conflicts of interest; and (4) citing *United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006), that the trial justice's "wrongful deprivation of counsel of choice is structural error * * *."

The state, for its part, contends that the trial justice did not err in removing Attorney Cooper because, in the state's view, a "trial court may disqualify an attorney based on either actual or potential conflicts."

## III

## Analysis

This Court has stated: "The Sixth Amendment to the United States Constitution provides, in pertinent part, '[i]n all criminal prosecutions, the accused shall enjoy the right * * * to have the assistance of counsel for his defense.'" *Simpson v. State*, 769 A.2d 1257, 1266 (R.I. 2001); *see Wheat v. United States*, 486 U.S. 153, 158 (1988). The right to counsel safeguards a criminal defendant's fundamental right to a fair trial. *Strickland v. Washington*, 466 U.S. 668, 689 (1984) (stating that the purpose of the effective assistance guarantee of the Sixth Amendment is "simply to ensure that criminal defendants receive a fair trial"). This Court has expressly stated that "an accused's right to select his or her own attorney to defend against criminal charges has a central role in our adversary system of

justice." *State v. Moran*, 699 A.2d 20, 25 (R.I. 1997);[5] *see also State v. Dias*, 118 R.I. 499, 502, 374 A.2d 1028, 1029 (1977).[6]

Nevertheless, "while the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Wheat*, 486 U.S. at 159. Accordingly, a criminal defendant's right to the counsel of his or her choosing is "circumscribed in several important respects." *Id.*[7]

---

[5] In *State v. Moran*, 699 A.2d 20 (R.I. 1997), this Court quoted with approval from the insightful decision of the United States Court of Appeals for the Third Circuit in *United States v. Laura*, 607 F.2d 52 (3d Cir. 1979), stating:

> "[I]n noting that the 'most important decision a defendant makes in shaping his defense is his selection of an attorney,' the court commented that (1) 'attorneys are not fungible, as are eggs, apples and oranges;' they 'may differ as to their trial strategy, their oratory style, or the importance they give to particular legal issues' and (2) the defendant's ability to select an attorney allows 'him to choose an individual in whom he has confidence; with this choice, the intimacy and confidentiality which are important to an effective attorney-client relationship can be nurtured[.]'" *Moran*, 699 A.2d at 25 (brackets omitted) (quoting *Laura*, 607 F.2d at 56, 57).

[6] It should be noted that our decision in this case is predicated on the Sixth Amendment to the United States Constitution and not on article 1, section 10 of the Rhode Island Constitution.

[7] The United States Supreme Court in *Wheat v. United States*, 486 U.S. 153 (1988), went on to list certain factual scenarios in which a criminal defendant's right

One significant "limitation on that right is the trial court's interest in ensuring that criminal trials are conducted within ethical and professional standards." *In re Grand Jury Proceedings*, 859 F.2d 1021, 1023 (1st Cir. 1988).

It should further be noted, however, that we have recognized that there is a presumption (although it is not absolute[8]) in favor of honoring a criminal defendant's right to be assisted by counsel of his or her choice. *Moran*, 699 A.2d at 25 (citing *Wheat*, 486 U.S. at 164); *see also State v. Navarro*, 33 A.3d 147, 153 (R.I. 2011); *State v. Burke*, 811 A.2d 1158, 1163 (R.I. 2002). However, "if there is a realistic potential for conflict of interest, this systemic concern may override a defendant's Sixth Amendment right freely to choose his lawyer." *In re Grand Jury Proceedings*, 859 F.2d at 1023. That is why a waiver of conflict of interest "is not absolute." *United States v. Laureano-Pérez*, 797 F.3d 45, 56 (1st Cir. 2015). In safeguarding the integrity of the trial process, a trial justice is entitled to exercise his or her

---

to the counsel of his or her choosing may be overcome by countervailing interests. Specifically, the Court stated: (1) "an advocate who is not a member of the bar may not represent clients (other than himself) in court;" (2) "a defendant may not insist on representation by an attorney he cannot afford or who for other reasons declines to represent the defendant;" and (3) a defendant may not "insist on the counsel of an attorney who has a previous or ongoing relationship with an opposing party, even when the opposing party is the Government." *Wheat*, 486 U.S. at 159.

This Court has on more than one occasion affirmed a trial justice's decision not to accede to a criminal defendant's choice of counsel. *See, e.g.*, *State v. Navarro*, 33 A.3d 147, 156 (R.I. 2011); *State v. Goncalves*, 941 A.2d 842, 846-47 (R.I. 2008).

[8]     *See* footnote 7, *supra*.

discretion to remove a defendant's chosen counsel when he or she finds either an actual conflict or a "serious potential for conflict." *Id.* (quoting *In re Grand Jury Proceedings*, 859 F.2d at 1024).

After considering the arguments of the parties and the authorities which they have cited and after conducting further research, we find ourselves to be substantially in agreement with the following language from a significant opinion of the Supreme Court of our neighboring state of Connecticut in the case of *State v. Peeler*, 828 A.2d 1216 (Conn. 2003), *cert. denied*, 541 U.S. 1029 (2004):

> "[T]he constitutional right to counsel of one's choice does * * * mandate a presumption in favor of accepting a criminal defendant's choice of counsel. * * * This presumption means that a trial court may not reject a defendant's chosen counsel on the ground of a potential conflict of interest without a showing that both the likelihood and the dimensions of the feared conflict are substantial. * * *
>
> "Moreover, mere speculation as to a conflict will not suffice. The trial court must examine whether the concern is substantiated and whether that concern outweighs the defendant's right to counsel of his choosing." *Peeler*, 828 A.2d at 1224; *see also Wheat*, 486 U.S. at 164.

We note that a trial justice's decision as to whether a substantial potential conflict calls for the removal of a defendant's chosen counsel is entitled to considerable deference on appeal. *See Wheat*, 486 U.S. at 163; *see also Laureano-Pérez*, 797 F.3d at 56-57; *United States v. Lanoue*, 137 F.3d 656, 663 (1st Cir. 1998); *In re Grand*

- 11 -

*Jury Proceedings*, 859 F.2d at 1024. Accordingly, we will reverse a trial justice's discretionary ruling in this regard only if clearly erroneous.

With respect to the instant case, we note that the record contains a written waiver of potential conflict signed by Mr. Teddy Lopez. Additionally, the trial justice considered Ms. Viera's statements on the record during the July 16 hearing to constitute an oral waiver of potential conflict stemming from Attorney Cooper's previous representation of Mr. Lopez. Although it is a close question, this Court is satisfied that Ms. Viera's statements in open court during the July 16 hearing, when read in their totality, sufficiently constitute a waiver of potential conflict, although it would certainly have been preferable for a waiver of that nature to be in writing and filed with the court. *See* Article V, Rule 1.7(b)(4) of the Supreme Court Rules of Professional Conduct (requiring each affected client to give "informed consent, confirmed in writing").

While it is clear that the trial justice in this case acted with laudable sensitivity to what he considered to be a situation presenting the potential for a serious conflict of interest, we nonetheless are of the opinion that the removal of Attorney Cooper was not called for at the time when it was ordered. As the state indicated at the July 16 hearing: "[W]e're at the very inception of the case here. No one in this room can predict how the outcome will occur for any one of these co-defendants." We appreciate the trial justice's candidly expressed concern relative to the representation

of Ms. Viera, and we do not lightly depart from his discretionary ruling in that regard. Nonetheless, the trial justice's decision to remove Attorney Cooper, although understandable, was based on speculation as to what *might* occur at some future point in the proceedings rather than on what he perceived to be an actual or imminent conflict.[9]  Accordingly, we hold that, at this time, there has been an insufficient showing that the likelihood and dimensions of the feared conflict of interest are substantial enough so as to require the removal of Attorney Cooper.  At the same time, however, we do not foreclose the possibility that occurrences in the inherently unknowable future might require a re-examination of the conflict of interest issue as it relates to this case.[10]  We are further of the view that, given Attorney Cooper's status as an experienced and respected member of the criminal defense bar, he would not hesitate to withdraw from his representation of Ms. Viera should the proceedings

---

[9]  We certainly do not suggest that there could never be a situation where the removal of an attorney at a very early stage would be called for.  In this opinion, we are confining ourselves to the facts of the instant case.

[10]  It is not possible to predict if or when a genuine conflict might develop.  It is worth observing, however, that this Court has noted that the United States Supreme Court (which is guided by Rule 44 of the Federal Rules of Criminal Procedure) has specifically referred to "the obligation of counsel to avoid conflicts of interest and the ability of trial courts to make early inquiry in certain situations likely to give rise to conflicts * * *." *Simpson v. State*, 769 A.2d 1257, 1266 n.18 (R.I. 2001) (quoting *Strickland v. Washington*, 466 U.S. 668, 692 (1984)).  Significantly, however, this Court has declined on multiple occasions to impose upon trial courts a supervisory role with respect to the attorney-client relationship. *See, e.g.*, *State v. Pineda*, 13 A.3d 623, 639-40 (R.I. 2011); *State v. Feng*, 421 A.2d 1258, 1273 (R.I. 1980).

in her case develop in such a manner as would make a substitution of counsel advisable.

## IV

## Conclusion

For the reasons set forth in this opinion, we quash the July 24, 2025 orders of the Superior Court to which the petitioner has objected. The record may be returned to that tribunal.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI 02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Destiny Viera v. State of Rhode Island. |
| **Case Number** | No. 2025-218-M.P. (PM 25-3499)<br>No. 2025-268-M.P. (PM 25-3498) |
| **Date Opinion Filed** | February 20, 2026 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice William P. Robinson III |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Jeffrey A. Lanphear |
| **Attorney(s) on Appeal** | For Petitioner:<br><br>George J. West, Esq. |
| | For Respondent:<br><br>Christopher R. Bush<br>Department of Attorney General |