374 A.2d 1028.

STATE *vs.* ANTHONY J. DIAS.

JUNE 29, 1977.

PRESENT: Bevilacqua, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

BEVILACQUA, C. J. This is an appeal from a judgment of the Superior Court revoking the defendant's probation and sentencing him to 4 years at the Adult Correctional Institutions (A.C.I.). The defendant was charged on May 10, 1976, with having violated probation by selling a controlled substance, and he was held without bail to await a violation hearing scheduled for May 25, 1976. At his first appearance on May 10, 1976, the defendant informed the court that he was represented by private counsel who was not present at the arraignment. The matter was tentatively referred to the public defender's office after the defendant alleged indigency.

At a subsequent hearing to determine attorney on May 17, defendant, still unrepresented, continued to express to the court his intention to retain private counsel and told the court he could afford a private attorney. Apparently,

his family was attempting to retain counsel for him. Nonetheless, the trial justice at this time, May 17, ordered the public defender to enter an appearance for defendant with the understanding that if private counsel entered an appearance before May 25, the public defender could withdraw.

On May 25, the date of the violation hearing, defendant continued to object to going forward with the public defender as his attorney, informing the court that he had a private attorney who had visited him the previous week and told him that he would be out of town on the date of the hearing but that his associate would come into court. The record indicates that on May 21 the attorney who had visited defendant had examined the case and informed the clerk that he would be away the week of the hearing.

Prior to the taking of any testimony the public defender moved for a continuance, arguing that in reliance upon defendant's assertion that private counsel would represent him, there had been no investigation or other preparation for the hearing.

A further motion for a continuance was made during the course of the hearing so as to afford defense counsel an opportunity to locate an expert witness who could rebut portions of the state's case. The court denied any continuance which would extend longer than the next morning. After the hearing, the trial justice adjudged defendant a violator and committed him to the A.C.I. to serve 4 years. The defendant now appeals.

The issue before us is whether the trial justice abused his discretion in denying defendant a further opportunity

502

to retain counsel of his own choice to represent him at the violation hearing.[1]

The defendant contends that he must be afforded a reasonable opportunity to secure counsel of his own. This principle of law is not disputed. The right to the opportunity to obtain counsel of one's choice is as much a part of due process requirements as the right to be represented by counsel at every critical stage of the proceedings. *Chandler* v. *Fretag,* 348 U.S. 3, 10, 75 S.Ct. 1, 5, 99 L.Ed. 4, 10 (1954); *United States ex rel. Carey* v. *Rundle,* 409 F.2d 1210, 1213-14 (3d Cir. 1969).

On both the federal and state level, the courts have consistently supported this position. In *United States* v. *Inman,* 483 F.2d 738, 739-40 (4th Cir. 1973) the court stated:

> "The Sixth Amendment right to counsel includes not only an indigent's right to have the government appoint an attorney to represent him, but also the right of any accused, if he can provide counsel for himself by his own resources or through the aid of his family or friends, to be represented by an attorney of his own choosing. Included also is the right of any defendant to a reasonable opportunity to obtain counsel of his own choosing."

*Accord, United States* v. *Pigford,* 461 F.2d 648 (4th Cir. 1972); *United States ex rel. Carey* v. *Rundle, supra; People* v. *Morris,* 30 Ill. App. 3d 1075, 333 N.E.2d 29 (1975); *State* v. *Monteiro,* 108 R.I. 569, 277 A.2d 739 (1971).

In *State* v. *Monteiro, supra,* this court held that:

> "Where * * * a person [charged with a crime] is able to obtain counsel, he must be given a reasonable time

---

[1] The defendant also argues that the trial justice abused his discretion in refusing to allow continuances to afford defense counsel opportunities for preparation before the hearing and at the close of the state's case. Our decision makes it unnecessary to consider this issue.

and a fair opportunity to secure counsel of his own choice." *Id.* at 575, 277 A.2d at 742.

However, the question of a continuance is traditionally within the discretion of the trial justice. *State* v. *Levitt,* 118 R.I. 32, 371 A.2d 596 (1977). Not every denial of a request for more time violates due process even if the party fails to offer evidence or is compelled to defend without counsel. *Unger* v. *Sarafite,* 376 U.S. 575, 589, 84 S.Ct. 841, 849, 11 L.Ed.2d 921, 931 (1964); *Avery* v. *Alabama,* 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377 (1940). "Desirable as it is that a defendant obtain private counsel of his own choice, that goal must be weighed and balanced against an equally desirable public need for the efficient and effective administration of criminal justice." *United States ex rel. Carey* v. *Rundle, supra* at 1214. On the other hand, "myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality." *Ungar* v. *Sarafite, supra* at 589, 84 S.Ct. at 849, 11 L.Ed.2d at 931.

There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reason presented to the trial justice at the time the request is denied. *Id.* at 589, 84 S.Ct. at 850, 11 L.Ed.2d at 931.

While we are not unsympathetic to the trial justice's desire to further the interests of efficient administration, we are of the opinion that in the case at bar the failure to afford defendant additional opportunity to secure counsel of his own choice amounted to an abuse of discretion. The circumstances and facts in the instant case are readily distinguishable from those in *State* v. *Monteiro, supra,* where this court held that the defendant had been afforded an ample opportunity to obtain counsel. In that case the defendant was out on bail and had been allowed

15 months in which to secure counsel of his choice. In fact, the defendant had received 15 months of active representation by private counsel, and the trial justice found that the defendant's attempt to discharge his attorney and obtain a continuance to seek another was merely an attempt to delay the trial at the threshold of jury selection.

The record in the case before us reveals that defendant was being held without bail; effort was being made by his family to secure private counsel; the public defender was in doubt as to his responsibility for representation, and, therefore, did not make any effort to prepare a defense. The record also indicates that on May 21, the Friday before the violation hearing scheduled for Tuesday, May 25, private counsel contacted the clerk's office and examined the papers in the case. At that time he stated that he was unavailable that week and could not be present at the hearing. The total time elapsed between the date of arrest and arraignment and the date of the hearing was merely 2 weeks. The defendant had made no previous requests for continuances, and he was willing to waive any rights to the speedy hearing to which he was entitled in order to obtain this continuance.

There is nothing in the record to demonstrate that defendant was seeking to delay the proceedings so as to frustrate the orderly administration of justice in any way.

Moreover, there was little danger of resulting prejudice to the position of the state. Violation hearings are held without a jury; thus the factors of additional expense and scheduling difficulties which could mitigate against the interruption of a trial in progress to change counsel midstream were not present. The state's case involved only four witnesses, of which two were police officers and one was a state employee.

Under the facts and circumstances of this case, the failure of the trial justice to grant a continuance in order

to give the defendant reasonable opportunity to secure counsel of his choice and prepare a defense for the hearing was an abuse of discretion.

Accordingly, the appeal is sustained, the judgment is reversed and the cause is remanded to the Superior Court for further proceedings consistent with this opinion.

*Julius C. Michaelson,* Attorney General, *Judith Romney Wegner,* Special Asst. Attorney General, for plaintiff.

*William F. Reilly,* Public Defender, *Barbara Hurst and John A. MacFadyen III,* Asst. Public Defenders, for defendant.