726 A.2d 13 (1998)
STATE
v.
Robert E. DAVIS.
No. 97-305-C.A.
Supreme Court of Rhode Island.
December 17, 1998.
ORDER
This case came before the Supreme Court on November 5, 1998, pursuant to an order directing the defendant, Robert E. Davis (Davis), to appear and show cause why the issue raised in this appeal should not be summarily decided. After hearing the arguments of counsel and reviewing their memoranda, we are satisfied that cause has not been shown. Accordingly, we shall decide the issue raised by the defendant at this time.
This appeal centers on Davis' February 1996 arrest for first-degree murder. As a result of this arrest and a subsequent violation hearing, two previously suspended sentences of ten years for receiving stolen property and forty-two months for robbery were revoked. Davis now appeals the adjudication that he violated the terms of his probation and raises the single issue of the trial justice's refusal to grant a continuance at the violation hearing despite his attorney's alleged lack of preparation.
The record evinces that Davis was arraigned on the charge of first-degree murder and subsequently presented as a violator of the terms and conditions of his probation on February 9, 1996. Initially Davis attempted to retain private counsel to represent him; apparently, however, Davis was unable to do so and an assistant public defender entered an appearance on Davis' behalf on May 9, 1996. The original violation hearing was scheduled for May 30, 1996, although at defense counsel's request, this date was postponed to June 17, 1996. On June 17, 1996, a combination bail/violation hearing was scheduled in the Superior Court. At ,the start of the hearing defense counsel again requested a continuance on the ground that he was not prepared to proceed. Counsel informed the court that even though he had been provided with the state's discovery package on May 13, 1996, met with his client, disclosed a potential conflict of interest, began an investigation, and successfully obtained a continuance of the original hearing scheduled for May 30, 1996, he was nonetheless unable to proceed. Defense counsel stated that his lack of preparation was due to the inability of the Public Defender's office to locate two witnesses:
"I am not ready at this point because I need two witnesses, to locate two witnesses who may contradict substantially the civilian witnesses [the prosecutor] has to' present. I have not interviewed these witnesses to see if they are helpful. I cannot even present to the Court what they will say to the Court because I haven't had an opportunity to talk to them. I don't know where they are."
Counsel also explained to the trial justice that Davis' grandmother was unable to assist him in locating these witnesses because of "other problems and worries," such as the hospitalization of her daughter, and that any assistance is "not going to occur in the near future." The trial justice interjected:
"Without hearing the State, I'm pressed to be second guessing [the daily criminal calendar justice] in this matter * *. Also I think one of the things that weighed most heavily in [the daily criminal calendar justice's] judgment was the fact that, although [Davis] may have witnesses, you have no idea where they are and even adding to that, you don't know what they are going to say even if you were to find them. It's kind of hard to lead the Court to a conclusion that the interest of justice requires that this matter be further continued. The witnesses are here. Their information is relatively fresh, and I'm satisfied that I shouldn't disturb [the daily criminal calendar justice's ruling]. The motion to continue *14 this matter is denied. I note your exception."
The evidentiary hearing began on June 17, 1996, and spanned four days, concluding on June 20, 1996. It is significant that after the state rested its case the trial justice granted defense counsel a recess in order to determine whether any progress had been made in locating the witnesses. Following that recess defense counsel informed the court that the Public Defender's investigator had in fact located John Iacobucci (Iacobucci), "the witness that I wanted, I've been trying to get for the past couple of weeks." Defense counsel was granted another continuance until 2:00 p.m. to secure the attendance of Iacobucci and stated:
"I would also, rather than have a hearing continued until tomorrow at 9:30, this witness' testimony would be very short, and I understand that the Court has other matters that are waiting to begin and I will do the best I can to accommodate the Court this afternoon."
When the hearing resumed that afternoon defense counsel indicated to the trial justice that Iacobucci was outside the courtroom and that he was ready to proceed.[1] Following the presentation of Iacobucci's testimony, defense counsel rested his case and never advised the trial justice that he needed additional time to secure the attendance of other witnesses. Moreover, defense counsel never requested any further continuances, nor did he suggest in any way that he was unable to proceed with Davis' defense.
On appeal Davis suggests that he was denied his Sixth Amendment right to counsel because his attorney was not allowed adequate time to prepare a defense. We note at the outset that defense counsel was not preparing for a murder trial, but rather a violation hearing. This Court has stated often that a violation hearing is summary in nature and the full panoply of rights afforded to a defendant at a criminal trial are not available at a violation hearing. See e.g., State v. Desrosiers, 559 A.2d 641, 643 (R.I.1989). This includes the right to a continuance in order to secure counsel of his or her own choice. See State v. Dias, 118 R.I. 499, 503, 374 A.2d 1028, 1029-30 (1977).
This Court has previously determined that the question of a continuance lies within the sound discretion of the trial justice. Id. Not every denial of a requested continuance results in a violation of due process, even in cases where a defendant fails to present a defense or offer any evidence. Id.; 374 A.2d at 1030. "There are no mechanical tests for deciding when the denial of a continuance is so arbitrary as to violate due process. The answer must be found in the facts and circumstances of each case, `particularly in the reason presented to the trial justice at the time the request is denied.'" State v. Franco, 437 A.2d 1362, 1365 (R.I.1981).
After reviewing the extensive evidentiary record before us, we are satisfied that Davis has failed to demonstrate that the denial of his request for a continuance impeded defense counsel's performance. Furthermore, we conclude that having procured the attendance of Iacobucci, the witness defense counsel has "been trying to get for the past couple of weeks," defense counsel failed to alert the trial justice that additional time was needed to locate other witnesses or indicate in any other manner that a further continuance was necessary. Therefore, on the basis of this record, we conclude that the trial justice did not abuse his discretion in refusing to continue the June 17, 1996 hearing.
For the foregoing reasons the defendant's appeal is denied and dismissed, and the judgment of violation is affirmed. The papers in this case are remanded to the Superior Court.
NOTES
[1] We note that not only was there no suggestion that defense counsel was not prepared to proceed with lacobucci's testimony, Iacobucci himself testified that he lived in West Warwick and had been employed at the same location for one and one-half years. Furthermore, Iacobucci testified that he had known Davis for several years and that the two had worked for the same employer.