STATE

v.

Arthur GREENE.

No. 97–545–C.A..

Supreme Court of Rhode Island.

Jan. 12, 1999.

Aaron L. Weisman, Providence.

Catherine A. Gibran, Christine M. O'Connell, Providence.

## ORDER

This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After examining the memoranda of the parties and hearing their arguments, we conclude that no cause has been shown, and therefore we shall decide the case at this time.

The defendant, Arthur Greene (Greene or defendant), appeals from a determination of a probation violation by a justice of the Superior Court. The record discloses that defendant had been convicted of two drug offenses for which he was incarcerated and subsequently placed on probation. As a condition of his probation, Greene enrolled in a residential drug treatment program known as the Man and Horizon Alcohol and Drug Rehabilitate Program, and was so enrolled at the time of this alleged incident. While on furlough from the Man and Horizon Program for the 1996 Thanksgiving holiday, Greene decided to spend the night at the home of his sister, Dorothy Birch, in Newport.[1] Also present in the home were Birch's granddaughters, Emily, age seven, and Leah, age five.[2] According to the testimony adduced at the hearing, Greene spent the night on the living room sofa while the children slept in their grandmother's bedroom.

On the following morning Greene remained in the living room where he was eventually joined by Emily. Both Emily and Greene were still in their night clothes, and were sitting on the couch watching television. During the hearing, Emily disclosed that Greene sexually assaulted her while her grandmother and sister were in the kitchen preparing breakfast. Emily further testified that Greene touched her "privates" and the inside of her vagina with his hand, and placed her hand on his penis. Greene called Emily a "bitch" while he assaulted her and admonished her not to tell anyone. Emily also disclosed, after her memory was refreshed, that Greene had inserted his penis into her vagina.

Emily confided in her sister about what had happened, and at Leah's insistence, Emily reported the incident to her mother, who

---

1. Defendant testified that he decided to stay at his sister's Newport home rather than returning to his own residence because his wife and son had unexpectedly decided not to spend the evening in their home and defendant therefore did not want to remain alone in his home "environment" as instructed by the Man and Horizon Program.

2. These are fictitious names.

in turn reported the incident to the police. A few days later, Emily, Leah, and their grandmother moved to Charleston, South Carolina. Emily and her sister were soon enrolled in school in Charleston and lived there with their grandmother while their mother remained in Newport.

As a result of this Thanksgiving weekend incident, Greene was presented as an alleged violator of his probation on December 17, 1996, and a violation hearing was initially scheduled for January 2, 1997. The state requested and was granted a continuance due to its inability to produce Emily on January 2, 1997, and again on January 16, 1997, when Emily and her grandmother failed to board a plane from South Carolina to Rhode Island. On February 18, 1997, Officer Elena Wheetley of the Newport police department flew to South Carolina to accompany Emily on a flight back to Rhode Island that same day. As a result of her appearance at the hearing, Emily's attendance at school was disrupted for approximately one week, since she was scheduled to return to South Carolina on February 21, 1997.

The violation hearing was rescheduled for and ultimately conducted on Thursday, February 20, 1997. Shortly before the commencement of this hearing, Greene informed his court appointed attorney that he no longer desired her services and had scheduled an appointment to see private counsel for the following Monday, three days after Emily was scheduled to return to South Carolina. The trial justice refused to grant Greene a continuance in order to seek private counsel and concluded that "[a] reasonable inference that this Court can draw today is that you're not dissatisfied with [the services of your attorney] but you want to forestall this hearing." In addition, the trial justice appropriately expressed concern for the child witness who had traveled from South Carolina in order to be present in court that day.

As a result of the hearing, the trial justice declared Greene to be a violator of the terms and conditions of his probation and directed that the suspension of the sentences previously imposed be removed. Greene was ordered to serve a total of twelve years at the Adult Correctional Institution. Greene ap-

peals and assigns as error the following: (1) the trial justice's refusal to continue the hearing in order to permit him to obtain the counsel of his choice; (2) the trial justice's refusal to permit Greene's sister to testify that Emily acted in a strange, bizarre, and frightened manner prior to the assault; and (3) the trial justice's refusal to allow Greene's sister to render her opinion about Greene's trustworthiness with children. Greene also maintains that the trial justice acted arbitrarily and capriciously in finding Emily to be a credible witness and in concluding that he had violated the terms and conditions of his probation. We deem each of these assertions to be without merit and accordingly deny and dismiss defendant's appeal.

It is axiomatic that the decision to grant or deny a defendant's request for a continuance for the purpose of securing alternative counsel is left to the sound discretion of the trial justice and will not be disturbed on appeal absent a clear abuse of discretion. See State v. Bleau, 668 A.2d 642, 645 (R.I.1995). A trial justice who concludes the requested continuance is motivated by a desire to delay the proceeding in order to gain a tactical advantage, or in the hope that a witness will then be unavailable, is free to exercise his or her discretion in refusing to grant the request. See State v. Monteiro, 108 R.I. 569, 576, 277 A.2d 739, 742–43 (1971). This discretionary determination is particularly appropriate at a probation revocation hearing where a defendant enjoys the right to counsel, but where due process rights are limited by virtue of the fact that the defendant has already been convicted of a crime. See State v. Desrosiers, 559 A.2d 641, 643 (R.I.1989).

Here, the trial justice was familiar with the travel of this case, and the number of continuances that were necessary in order to obtain the presence of the child witness. He was also privy to the fact that Greene had been released from incarceration a full nine days prior to the violation hearing, but still had made no effort to obtain private counsel. Greene expressed concern about the competence of his attorney only when it became apparent that the hearing was actually going to take place. We are satisfied that the trial justice did not abuse his discretion in refusing defendant's requested continuance in the circumstances of this case.

The defendant also challenges the trial justice's refusal to permit defendant's sister, Debra Chapman, to testify that Emily was behaving in a strange, bizarre, and frightened manner even prior to this alleged incident. This information was offered as tending to prove that Emily's mother's boyfriend was the perpetrator of the molestation and not defendant.[3] The trial justice refused to allow this testimony into evidence on the ground that Ms. Chapman had no expertise in child psychology and thus was incompetent to give opinion testimony. The trial justice further found that there was no evidence introduced at the hearing that remotely suggested that Emily's mother's boyfriend had any contact with Emily prior to this incident. We agree with these rulings and reject defendant's assertion that he was denied an opportunity to present a defense.

It is well settled that questions regarding the admissibility and relevancy of evidence are left to the sound discretion of the trial justice. *See State v. Cote*, 691 A.2d 537, 543 (R.I.1997). This Court will not reverse a determination of relevance absent a showing that the trial justice has clearly abused his or her discretion. *Id.* Likewise, questions relative to the competency of a witness to render opinion testimony are directed to the discretion of the trial justice. *See State v. Mallett*, 600 A.2d 273, 276 (R.I.1991). Because Greene failed to establish that this testimony was relevant to the issue of whether or not he violated the terms and conditions of his probation, we are satisfied that it was properly excluded.

Greene also argues that the trial justice improperly precluded Ms. Chapman from rendering an opinion relative to defendant's trustworthiness with children. However, the witness was permitted to testify at length that Greene had watched her children, and the children of her seven sisters, and had always been active in the community organizing sporting events for children. Therefore, we conclude the trial justice did not impermissibly limit testimony about defendant's character and reputation with children.

3. The defendant made an offer of proof with respect to the relevance of this proffered testimo-

Finally, defendant argues the trial justice acted arbitrarily and capriciously in finding him to be a violator based upon the evidence presented. The defendant in effect is challenging the determination by the trial justice that the state met its rather minimal burden of proof and suggests that the trial justice committed error in according any probative value to Emily's testimony. This argument is without merit in light of the standard of proof at a violation hearing, *see State v. Kennedy*, 702 A.2d 28, 31 (R.I.1997), and the well established rule that the determination of the credibility of witnesses at a violation hearing is within the exclusive province of the trial justice.

Our review of the record establishes that the trial justice carefully reviewed the testimony and reasonably concluded that Emily testified credibly and forthrightly. We are satisfied that this determination was within the discretion of the factfinder and we will not interfere with this decision.

For the reasons set forth herein the defendant's appeal is denied and dismissed, and the adjudication of the violation is affirmed. The papers in this case are remanded to the Superior Court.