STATE

v.

Tyrone GILBERT.

No. 2008–199–C.A.

Supreme Court of Rhode Island.

Dec. 7, 2009.

Christopher R. Bush, Department of Attorney General, for Plaintiff.

Janice M. Weisfeld, Office of the Public Defender, for Defendant.

Present: SUTTELL, C.J., GOLDBERG, FLAHERTY, and ROBINSON, JJ.

## OPINION

Chief Justice SUTTELL, for the Court.

The defendant, Tyrone Gilbert, appeals from a Superior Court adjudication of probation violation resulting in his being ordered to serve a previously imposed five-year sentence. As grounds for this appeal, the defendant argues that the hearing justice erred (1) in refusing the defendant's request for the appointment of alternate counsel; and (2) in denying the defendant's request for a continuance to secure the appearance of the alleged victim.

This case came before the Supreme Court pursuant to an order directing the parties to show cause why these issues should not summarily be decided. After

considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth in this opinion, we affirm the judgment.

## I

### Facts and Procedural History

On July 18, 2006, Mr. Gilbert pled nolo contendere to two felony domestic assault charges. For each offense, he was sentenced to a term of imprisonment of six years, with one year to serve, and five years suspended, with probation. The sentences were to run concurrently. Additionally, a no-contact order entered with respect to the complaining witness, Ebell Diaz.

The events that resulted in the probation violation occurred on March 15, 2008. At the violation hearing, Sgt. Gregory Sion of the Providence Police Department testified that shortly after 1 a.m. on that date he responded to a call informing the police that a woman was being assaulted at a home in Providence. Sergeant Sion said that when he arrived he saw two people, later identified as Mr. Gilbert and Ms. Diaz, in a scuffle outside the house.

Sergeant Sion testified that he shone his spotlight on the scene, saw Ms. Diaz on the ground, and observed Mr. Gilbert strike her in the shoulder area with his fist. Mr. Gilbert then gestured angrily and yelled at the officer. Sergeant Sion proceeded to call for additional police officers. The defendant, according to Sgt. Sion, then ran toward the house and slammed the door, locking it behind him. As Sgt. Sion and a second officer, Patrolman Christopher Poncia, were attempting to force the door open they both observed Mr. Gilbert at a second-floor window throwing clothing and other debris down upon them. Mr. Gilbert, according to Sgt. Sion, also yelled, swore at the officers, and broke windows, raining shards of glass upon the officers below.

The police officers eventually were able to ram the door open. They found Mr. Gilbert on the second floor in a locked kitchen, into which they again had to force entry. Patrolman Poncia testified that five police officers entered the apartment and directed defendant to put up his hands and lie on the ground. Sergeant Sion stated that defendant continued to struggle and yell as the officers put him on the ground and handcuffed him.

Patrolman Poncia testified that, upon arriving on the scene, he secured Ms. Diaz in the police vehicle and called rescue. He stated that Ms. Diaz was screaming and crying, but she refused medical attention. Ms. Diaz, according to the testimony of Sgt. Sion and Patrolman Poncia, had fresh scratch marks on her neck, and her lip was swollen and bleeding.

On March 17, 2008, the state presented Mr. Gilbert as an alleged violator of the terms of his probation, under Rule 32(f) of the Superior Court Rules of Criminal Procedure. The hearing justice commenced the violation hearing briefly on Thursday, April 17, 2008. The hearing was completed the next day, Friday, April 18, 2008.

Mr. Gilbert asked to be heard at the outset of the second day of the hearing. He stated that he did not have confidence in the attorney assigned to him because she had told him that "her job [was] not to believe" him. The defendant further stated that he did not want his appointed attorney to represent him. The hearing justice responded that the state had an obligation to provide defendant with a competent attorney and that the public defender was competent "by any definition," but the hearing justice also stated

that he could not prevent defendant from discharging counsel and representing himself. The hearing justice advised defendant to listen to counsel and to assist her in his defense, but he noted that it was ultimately defendant's decision. Once defendant indicated that he did not believe he could represent himself, the hearing justice told defendant that he would not appoint another attorney to represent him. Mr. Gilbert then stated that he did not believe it was in his "best interests" to have the assigned counsel represent him. Defense counsel then asked to withdraw from the case because she no longer felt she could effectively represent defendant, given the circumstances. The hearing justice stated that he would not appoint another attorney, and counsel thereupon withdrew her request.

At the conclusion of the testimony, Mr. Gilbert asked for a continuance to locate Ms. Diaz. Defense counsel explained that her investigator was attempting to locate Ms. Diaz at that time and a subpoena had been issued; but, she added that they had not yet successfully served her with the subpoena. The defendant asked to continue the case "perhaps only [until] Monday," the next business day, to attempt to locate the potential witness. The hearing justice denied the request for a continuance, stating that the hearing was planned and that Ms. Diaz "obviously may be avoiding the subpoena."

The hearing justice noted, based upon the two police officers' testimony, that Mr. Gilbert's actions appeared to amount to domestic assault, a violation of the no-contact order, disorderly conduct, and resisting arrest. He concluded that "if all of that doesn't amount to a violation of his probation * * * I don't know what does." The hearing justice executed the two previously suspended five-year sentences, to run concurrently with each other. A judg-

ment of conviction was entered on April 23, 2008, on which date defendant timely filed a notice of appeal.

## II

### Standard of Review

The sole issue for consideration at a probation-violation hearing is "whether or not the defendant has breached a condition of his or her probation by failing to keep the peace or remain on good behavior." *State v. Tetreault,* 973 A.2d 489, 491 (R.I.2009) (quoting *State v. Christodal,* 946 A.2d 811, 816 (R.I.2008)). The state's burden of proof at a probation-violation hearing is "much lower than that which exists in a criminal trial[;]" the state must only show that " 'reasonably satisfactory' evidence supports a finding that the defendant has violated his or her probation." *Id.* at 491–92 (quoting *State v. Bouffard,* 945 A.2d 305, 310 (R.I.2008)).

The hearing justice's decision to grant or deny a defendant's request for a continuance to secure alternate counsel "is left to the sound discretion of the [hearing] justice and will not be disturbed on appeal absent a clear abuse of discretion." *State v. Sampson,* 884 A.2d 399, 404 (R.I.2005) (quoting *State v. Greene,* 726 A.2d 471, 472 (R.I.1999) (mem.)). "This is especially true in a probation revocation hearing 'where a defendant enjoys the right to counsel, but where due process rights are limited by virtue of the fact that the defendant has already been convicted of a crime.' " *Id.* (quoting *Greene,* 726 A.2d at 472).

Similarly, the hearing justice's decision to order a continuance to secure the presence of a witness is "a matter confided to the sound discretion of the [hearing] justice," and it will not be overturned in the absence of an abuse of discretion. *State v. Barbosa,* 908 A.2d 1000, 1003 (R.I.

2006) (citing *State v. Firth*, 708 A.2d 526, 530 (R.I.1998)).

## III

## Discussion

### A. Request for New Counsel

■ Mr. Gilbert asserts that the hearing justice abused his discretion in denying his request for the appointment of alternate counsel. Although defendant did not expressly ask for a continuance, granting his request would have required the court to continue the matter and delay its disposition.

■■ A defendant has the right to the effective assistance of counsel at a probation-violation hearing at which the defendant's liberty is at stake. *Hampton v. State*, 786 A.2d 375, 380 (R.I.2001) (citing *State v. Chabot*, 682 A.2d 1377, 1379 (R.I. 1996)). A defendant's right to counsel at a violation hearing, however, is not without bounds. "[A] violation hearing is summary in nature and the full panoply of rights afforded to a defendant at a criminal trial are not available at a violation hearing * * * includ[ing] the right to a continuance in order to secure counsel of his or her own choice." *State v. Goncalves*, 941 A.2d 842, 846 (R.I.2008) (quoting *State v. Davis*, 726 A.2d 13, 14 (R.I. 1998) (mem.)).

■ A hearing justice's decision to grant or deny a request for alternate counsel requires the careful balancing of "the presumption in favor of the defendant's right to trial counsel of choice and the public's interest in the prompt, effective, and efficient administration of justice." *State v. Caprio*, 819 A.2d 1265, 1270 (R.I. 2003) (quoting *State v. Burke*, 811 A.2d 1158, 1163 (R.I.2002)). This balancing requires a fact-specific exploration into the circumstances of each case. *Id.* A hearing justice, in performing this inquiry, should consider the following factors:

> "the promptness of the continuance motion and the length of time requested; the age and intricacy of the case; the inconvenience to the parties, witnesses, * * * counsel, and the court; whether the request appears to be legitimate or merely contrived foot dragging; whether the defendant contributed to the circumstances giving rise to the request; whether the defendant in fact has other competent and prepared trial counsel ready to pinch-hit; * * * and any other relevant factor made manifest by the record." *Id.* (quoting *Burke*, 811 A.2d at 1163).

In addition, there must be " 'exceptional circumstances' to justify a delay for an eleventh-hour discharge of counsel." *Id.* (quoting *Burke*, 811 A.2d at 1163).

In the present case, Mr. Gilbert sought a new attorney because he stated he lacked confidence in his appointed counsel. The defendant's belief that counsel could not adequately represent him was based on, at most, an unreturned phone call and her purported remark that it was not her job to believe him. The hearing justice reassured defendant that defense counsel was "competent by any definition," and gave defendant the option of proceeding *pro se.* We are satisfied that the hearing justice did not abuse his discretion by denying defendant's request for the appointment of alternate counsel.

The instant case is analogous to *Sampson*, in which the defendant objected to his attorney's representation at the beginning of his violation hearing. *Sampson*, 884 A.2d at 401–02. The defendant was displeased with his attorney because the attorney had refused to assert a claim the attorney found to be without merit, and the defendant believed the attorney had not adequately represented the defen-

dant's brother in a recent trial. *Id.* at 402. The hearing justice gave the defendant the choice to continue with the appointed counsel or represent himself. *Id.* After a recess and a discussion with his attorney, the defendant stated that he was "all set." *Id.* This Court discerned no abuse of discretion because the defendant had no legitimate grounds for his request for alternate counsel, he waited until the hearing had begun before requesting alternate counsel, and it would have been inconvenient for the witnesses and the court to continue the hearing. *Id.* at 404.

As in *Sampson,* we conclude in the case at bar that the hearing justice did not abuse his discretion. First, there were no exceptional circumstances justifying the postponement of the violation hearing. Indeed, defendant waited until the second day of the hearing to voice his doubts, despite the fact that his concerns arose prior to the first day of the hearing. Second, the grounds for defendant's request do not call into doubt counsel's capability to adequately represent him. The fact that she may have told him that it is not her job to believe him does not impact her ability to provide an adequate defense. Additionally, no "other competent and prepared trial counsel [was] ready to pinch-hit," *State v. Moran,* 699 A.2d 20, 26 (R.I. 1997), and defendant did not believe he could represent himself. Finally, to postpone the hearing would have inconvenienced the court and the state's two witnesses, one of whom was in the middle of testifying and the other who was present in court waiting to testify.

**B.  Continuance to Locate Witness**

■ The defendant next argues that the hearing justice abused his discretion in denying his request for a continuance to locate Ms. Diaz. The defendant initially asked for a short recess to determine whether his investigator had been able to locate her. When this attempt proved unsuccessful, Mr. Gilbert asked for a continuance "perhaps only [until] Monday," the next business day, to locate the potential witness. The hearing justice denied the request for the continuance and concluded the hearing that day.

■ This Court "will not disturb a hearing or trial justice's decision on a motion to continue absent an abuse of discretion." *Goncalves,* 941 A.2d at 846 (quoting *Caprio,* 819 A.2d at 1269). A defendant does not have an absolute right to a continuance. Indeed, "[n]ot every denial of a requested continuance results in a violation of due process, even in cases where a defendant fails to present a defense or offer any evidence." *Davis,* 726 A.2d at 14.

In this case, the hearing justice did not abuse his discretion in denying defendant's motion for a continuance to secure Ms. Diaz as a witness. The defendant made no offer of proof concerning her expected testimony; it was therefore not clear that she would have contradicted the testimony of the state's witnesses. Moreover, much of the state's evidence concerned defendant's conduct after the assault of Ms. Diaz had ended, and it provided independent grounds supporting the hearing justice's findings that Mr. Gilbert failed to keep the peace and be of good behavior. Thus, defendant failed to show that Ms. Diaz's testimony would have been material.

The defendant also failed to provide any facts demonstrating that he had been diligent in seeking to secure the witness. As the hearing justice stated, the hearing was not a surprise, and thus the defendant had sufficient time to attempt to locate Ms. Diaz. Furthermore, as the hearing justice suggested, Ms. Diaz may have been trying to avoid the subpoena. There was no assurance that she would have become avail-

able to testify if the continuance had been granted. This Court, therefore, holds that the hearing justice did not abuse his discretion in denying the defendant's request for a continuance to secure a witness.

## IV

## Conclusion

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court. The record may be remanded to the Superior Court.